(Rev. 5/05)

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

FILED
DEC 06 2012
U.S. DISTRICT COURT
DISTR. OF DELAWARE

(1) James Arthur Biggins #0319264
(Name of Plaintiff)   (Inmate Number)

James T. Vaughn Correctional Center
Smyrna, Delaware 19977
(Complete Address with zip code)

12 - 1666
(Case Number)
(to be assigned by U.S. District Court)

(2) _____
(Name of Plaintiff)   (Inmate Number)

_____
(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

**CIVIL COMPLAINT**

(1) Carl C. Danberg, Comm. of Dept N Corrections;
(2) Christopher Klien, Assit. Dpty. Principle of DOC;
(3) Michael Deloy, Bureau Chief of the Bureau of Prisons
(Names of Defendants)

• • Jury Trial Requested

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

## I. PREVIOUS LAWSUITS

A. If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

N/A

_____

_____

_____

_____

_____

(1)

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? • (Yes) • •No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? • •Yes • •No

C. If your answer to "B" is <u>Yes</u>:

   1. What steps did you take? _Occasions_____

   2. What was the result? _____

D. If your answer to "B" is <u>No</u>, explain why not: _____

III. **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: Carl C Danburg
Employed as Comm of Dept of Correction at Delaware Dept of Corrections
Mailing address with zip code: 245 Mc Kee Road
Dover, Delaware, 19904

(2) Name of second defendant: Christopher Klien
Employed as Assist Deputy, Asst to Comm at Delaware Dept of Correction
Mailing address with zip code: 245 Mc Kee Road
Dover, Delaware 19904

(3) Name of third defendant: Michael Deloy
Employed as Bureau of Prison, Bureau Chief at 245 Mc Kee Road
Mailing address with zip code: Dover, Delaware 19904

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

(ii)

Continuum of Defendants

(4) Perry Phelps, Warden — at James T. Vaughn Correctional Center, Smyrna, Delaware 19977

(5) James Scarborough, Deputy Warden — at James T. Vaughn Correctional Center, Smyrna, Delaware 19977

(6) David Pierce, Deputy Warden — at James T. Vaughn Correctional Center, Smyrna, Delaware 19977

(7) Medical Administrator (unknown) — at Correct Care Solutions, Inc, 245 McKee Road, Dover, Delaware 19904

(8) Medical Director (unknown) — at Correct Care Solutions, Inc, James T. Vaughn Correctional Center, Smyrna, Delaware 19977

(9) Dr. ____ Bernard — at Correct Care Solutions, Inc, James T. Vaughn Correctional Center, Smyrna, Delaware 19977

(10) Jeffrey Carrothers, Security Chief — at James T. Vaughn Correctional Center, Smyrna, Delaware 19977

(11) James Brennan, Security Chief — at James T. Vaughn Correctional Center, Smyrna, Delaware 19977

(12) DeLouise Desrosiers — at Correct Care Solutions, Inc, Smyrna, Delaware 19977

In The United States District Court
for the District of Delaware

James Arthur Biggins,
Plaintiff,

vs.

Carl C. Danberg, Com'r of the Dept of Corrections;
Christopher Klien, Ass't Dpty level to the Commissioner;
Michael Deloy, Bu Ch'f of the Bureau of Prisons;
Perry Phelps, Warden, James T. Vaughn Corr. Cntr.;
James Scarborough, Dpty Wd'n, James T. Vaughn Corr. Cntr.;
David Pierce, Dpty Wd'n, James T. Vaughn Corr. Cntr.;
Jeffrey Carrothers, Security Ch'f, James T. Vaughn Corr. Cntr.;
James Brennan, Security Ch'f, James T. Vaughn Corr. Cntr.;
Medical Administrator (unknown), Correct Care Solutions, Inc;
Medical Director (unknown), Correct Care Solutions, Inc;
Dr. _____ Bernard, Correct Care Solutions, Inc;
Defendants.

Civil Action No. _____

## Complaint

Comes the Plaintiff, James Arthur Biggins, pro se, pursuant to the Civil Rights of Institutionalized Persons Act, §7(a), 42 U.S.C.A. §1997(e)(a), 10 Del.C. §4001 et seq., and the Delaware Constitution of 1897, art I, §11 Mandating that in the construction of jails a proper regard shall be had to the health of prisoners, See Wheeler v. Sullivan, 630 F.Supp. 630, 651 (1984). In support of the Plaintiff's claims, the following is set forth:

1. The Plaintiff is incarcerated at the James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

2. On or about October 23, 2012, the Plaintiff submitted an "Emergency" Sick Call request after experiencing continuous excruciating pain in his left shoulder causing additional lost of sleep and lost of arm mobility. All movement of any degree increases the pain. The Plaintiff hasn't had the ability to sleep on his

---

1. All Defendants are listed in their individual and official capacities, occupational duties are incorporated as to the hereto claims. 2. Plaintiff claims have not been exhausted and are raised pursuant to 28 U.S.C.A. §1915(g) under imminent danger.

1.

back, left side. Hasn't had any sound sleep or slept no longer than a few hours a night since mid October. And constantly walks around in pain "whinsing" and rubbing his shoulder, as well as have complained to building officers and supervising staff members. (CO. Snead, CO. Russell, CO. Mitchell, CO. McDaniels, Cpl. Barrett, Sgt. Legates, and Sgt. Jones) regarding not being seen for both sick call or by the doctor.

4. On or about November 1, 2012, RN. Clarie was dispensing evening meds and I informed her that I had long placed a sick call to be seen for my left shoulder because it was causing me excruciating pain and lost of sleep.

5. RN. Clarie was further informed that on or about November 6, 2012, Plaintiff was evaluated on his sick call by an unknown nurse and told that she had made an appointment to see the doctor and was told she too would put him in to be seen. See, copy of medical grievance. Attachment, Exhibit A.......

6. The next day RN. Clarie again dispensed evening meds and affirmed that she had put him in to see the doctor and didn't know why he hadn't been seen.

7. On December 29, 2012, 1 month and 3 weeks after Plaintiff's initial sick call on November 6, 2012. Dr. Bernard evaluated him and refused to give him anything for pain or even order X-rays.

8. Dr. Bernard informed the Plaintiff that he could see that he was on "Medica" muscle relaxer being given to assist in relieving pain for his herniated back disc, and "Neuroten" an Epilepsy medication that has been known to have health care side effects for non-epilepsy patient and isn't recommended as a pain relief drug also given for his herniated disc.

9. Dr. Bernard reasoned without explaining what was the cause of Plaintiff's shoulder's pain, that "pain medication does'nt just work on one problem. It attacks all pain in the body, no matter where or what is causing it." Cf. Brown v. Hughes, 894 F.2d 1533 (11th Cir. 1990) (delay of a few hours in treating an inmate's broken foot could constitute a violation of the Eighth Amendment, holding that the failure to treat the pain from a broken foot, even for a few hours, was a constitutionally cognizable injury. With this type of injury, it may be that deliberately indifferent delay, no matter how brief, would render defendants liable as if they had inflicted the pain themselves).

10. Dr. Bernard rebutted the Plaintiff that the current dosages of medication dispensed for him to cope with his herniated disc was'nt sufficient to remedy his pain in his shoulder. Despite not knowing the cause or extent of the injury, refusing to increase his pain medication and ordering him to undergo physical therapy. Which takes a minimum of 3-4 weeks to start.

—3—

3. The Plaintiff has informed that daily in addition to his pain, he experiences tingling all through his all and has partial continuous numbness in his index and middle fingers on some arm.

2.

JTVCC James T. Vaughn Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 11/26/2012

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name** : BIGGINS, JAMES A | **SBI#** : 00319264 | **Institution** : JTVCC |
| **Grievance #** : 255291 | **Grievance Date** : 11/25/2012 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status** : | **Resol. Date** : |
| **Grievance Type**: Health Issue (Medical) | **Incident Date** : 11/25/2012 | **Incident Time** : |
| **IGC** : Dutton, Matthew | **Housing Location** : Bldg 23, Upper, Tier B, Cell 10, Bottom | |

### OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Approximately on October 25, 2012 I submitted a sick call after having continuing severe pain in my left shoulder area. Please see entire grievance at top under scanner.

**Remedy Requested** :

### ADDITIONAL GRIEVANCE INFORMATION

**Medical Grievance** : YES        **Date Received by Medical Unit** : 11/26/2012

**Investigation Sent** : 11/26/2012    **Investigation Sent To** : Walpole, Lorraine

**Grievance Amount** :

## INFORMAL RESOLUTION

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name** : BIGGINS, JAMES A | **SBI#** : 00319264 | **Institution** : JTVCC |
| **Grievance #** : 255291 | **Grievance Date** : 11/25/2012 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status:** | **Inmate Status** : |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 11/25/2012 | **Incident Time** : |
| **IGC** : Dutton, Matthew | **Housing Location** : Bldg 23, Upper, Tier B, Cell 10, Bottom | |

### INFORMAL RESOLUTION

**Investigator Name** : Walpole, Lorraine        **Date of Report:** 11/26/2012

**Investigation Report** :

**Reason for Referring:**

Offender's Signature:_____

Date              :_____

Witness (Officer)   :_____

FORM #585

L. Walpole

## MEDICAL GRIEVANCE

FACILITY: James T Vaughn Correctional Center        DATE SUBMITTED: Nov 25, 2012
INMATE'S NAME: James Arthur Biggins                 SBI#: #319264
HOUSING UNIT: #23/B-U-#10                           CASE #: 255291

RECEIVED NOV 25 2012 JTVCC GRIEVANCE OFFICE

### SECTION #1

DATE & TIME OF MEDICAL INCIDENT: On-Going

TYPE OF MEDICAL PROBLEM: Approximately on October 25, 2012, I submitted a sick call after having continuous severe pain in my left shoulder. Also, on Nov 6, 2012 (2 wks later) I was seen by the African nurse who has along with Nurse Ozzie confirmed to me that they both have placed doctor appointments for me since the 6th of Nov, 2012. But I have not been seen by Dr. Desrosiers or the Black nurse practitioner who's been seeing patients since she has been gone and reported up to 7 weeks. It has been exactly 5 weeks (31 days) and all I can get is the nurses telling me "we put you in to see the doctor" is unexcusable. People are being seen so there's no reason why I haven't. Please note, Cornelius Archy in 23/B U-6 placed a sick call 3 weeks ago and already has gotten seen by the Black nurse practitioner who has replaced Dr. Desrosiers. I haven't been able to lay flat or on my left side because of the pain. My left arm movement is restricted due to some. Can't get a good night sleep because some and have continuous "numness" and "tingling" in my fingers.

GRIEVANT'S SIGNATURE: James Arthur Biggins        DATE: November 25, 2012

ACTION REQUESTED BY GRIEVANT: Remedy by getting me the immediate care warranted! Please do not insult my intelligence with your ridiculous level one or level two grievance hearings making unexcepted excuses for your total inadequate staffing, training, and services of your medical department, despite lawsuits and all your former policy changes. You are completely "inept".

DATE RECEIVED BY MEDICAL UNIT: _____

**NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE, MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.**

11. Defendant's Col. C. Danberg, Christopher Klien, Michael DeLoy, Jerry Phelps, James Scarborough, David Pierce, Jeffrey Carrothers, James Brennan as executive chief administrators operating under state authority, in their individual and official capacities, Having continuous and constant knowledge of the deficient medical services provided by Correct Care Solutions, Inc., and its medical services employees for more than 2 years. Have shown a deliberate indifference to the Plaintiff's health and safety, placing him under conditions creating "imminent dangers" and causing unnecessary pain and suffering. Washington v. Dugger, 860 F.2d at 1021 (11th Cir. 1988)(reversing grant of summary judgment to prison officials on inmate's claim that delay in providing treatments that "eliminated pain and suffering at least temporarily" constituted deliberate indifference); Anderson v. Creighton, 483 U.S. at 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

12. Defendant's operating as Medical Administrator, Medical Director, Dr. Louise Desrosiers and Dr. Bernard in their individual and official capacities for Correct Care Solutions, Inc., under state authority. Knowingly and wilfully participate and practice continuously and constantly policies showing to be deliberate indifference to the Plaintiff's health and safety, placing him under conditions creating "imminent dangers," and causing unnecessary pain and suffering in their duties to provide medical treatment or delaying for non-medical reasons. Ancata v. Prison Health Servs., Inc., 769 F.2d at 746 (11th Cir. 1985)("A jury could infer deliberate indifference from the fact that (Dr. Bernard) knew the extent of the Plaintiff's pain, knew that the course of treatment was largely ineffective, and decline to do anything more to attempt to improve Plaintiff's condition"); see also West v. Keve, 571 F.2d at 162 (3d Cir. 1978)(citing Ancata, 769 F.2d at 704).

13. Dr. Bernard failure to try to diagnose and treat Plaintiff's condition worsen, the defendant's decision he knew was an "easier and less efficacious course of treatment reflecting his deliberate indifference to the pain and suffering that Plaintiff is experiencing. Ancata, 769 F.2d 700 (11th Cir. 1985); Waldrop v. Evans, 871 F.2d at 1033 (11th Cir. 1989); West v. Keve, 571 F.2d at 162 (3d Cir. 1978).

14. Defendant's Medical Administrator, Medical Director, Dr. Louise Desrosiers and Dr. Bernard decisions to imply policies delaying weeks leading to almost 2 months to be seen is intolerable and a product of deliberate indifference. Harris v. Coweta County, 21 F.3d at 393-94 (11th Cir. 1994); Carswell v. Bay County, 854 F.2d at 457 (11th Cir. 1988)("Although the medical staff diagnosed and provided some medication to the plaintiff, explaining that, because plaintiff's condition worsened and the jail medical staff failed to respond, "with evidence of knowledge the jury could have concluded that the failure to provide Carswell with medical care constituted deliberate indifference").

3.

Prayer for Relief

Wherefore, Plaintiff respectfully prays that this Court:

A. Declare that the acts and omissions described herein violated, Plaintiff's rights under the Constitution and laws of the United States;

B. Order the Defendant's to immediately cease course of medical treatment provided, and have defendant's have plaintiff examined by specialist and expert of diagnosis made, course of action determined along with any and all medications needed;

C. Order the Defendant's jointly and collectively to pay compensatory damages in the amount of $100,000.00 one hundred thousand dollars;

D. Order the Defendant's jointly and collectively to pay punitive damages in the amount of $500,000.00 five hundred thousand dollars;

E. Order the Defendant's jointly and collectively to pay for all future medical treatment and cost associated and/or occurred due to injuries recieved from deliberate indifference to serious medical need;

F. Order the Defendant's jointly and collectively to pay reasonable attorney fees and costs; and

G. Grant other just and equitable relief that this Honorable Court deems necessary.

By signing this complaint I certify that my allegations have evidentiary support; that my claims have arguable basis in the law; and that I have not filed this complaint to harass officials or for another improper purpose.

Dated: December 6, 2012

Respectfully submitted,
*James Arthur Biggins*
James Arthur Biggins #319264
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

4.

