IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-1666-GMS |
| | ) |
| MEDICAL ADMINISTRATOR, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 14th day of Nov., 2013, having considered the plaintiff's motion to amend (D.I. 25) and motion for preliminary injunction (D.I. 27);

IT IS ORDERED that the motions (D.I. 25, 27) are **denied**, for the reasons that follow:

The plaintiff, James Arthur Biggins ("Biggins"), a prisoner housed at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 6, 9.) Pending before the court are Biggins' motion to amend and motion for injunctive relief for medical treatment.

Biggins filed this action on December 6, 2012, raising medical needs claims for alleged constitutional violates that occurred during October through December 2012. Upon screening, the court dismissed several defendants and allowed Biggins to proceed against the unnamed Medical Administrator, unnamed Medical Director, Dr. Bernard, and Dr. Louise DesRosiers. (D.I. 11, 12.) On August 23, 2013, Biggins filed a motion for leave to amend seeking to add

defendants who have allegedly failed to provide him medical care since March 2013. (*See* D.I. 25.)

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that court should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

Biggins' motion for leave to amend seeks to add new defendants and speaks to a timeframe different than that in the original complaint. In addition, Biggins did not comply with the Local Rules of this Court. Pursuant to D. Del. LR 15.1(b) when seeking to amend, the proposed amended pleading shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. Biggins did not provide a copy of his proposed amendment. Accordingly, the court will deny the motion. Should Biggins seek to amend the complaint in the future, he shall attach to the motion to amend a copy of the proposed amended complaint for the court's review.

Biggins filed a motion for injunctive relief seeking medical treatment for a shoulder injury. (D.I. 27) The motion also mentions other numerous medical issues, many of which have been addressed by this court in other lawsuits filed by Biggins. With regard to his shoulder, Biggins complains that he submitted a grievance for medical treatment and was told on August 19, 2013, that he had been scheduled to see a physician on July 22, 2013, but it had not taken place. Apparently, as of August 22, 2013, Biggins had not seen a physician.

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context

must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Defendants oppose the motion and provided a summary of medical treatment received by Biggins. Biggins had "encounters" with medical on July 3, 2013, August 23, 2013, August 28, 2013, and was seen for shoulder pain on September 12, 2013. (D.I. 33, ex. A.)

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Given the record before the court, Biggins has not demonstrated the likelihood of success on the merits. Documentation indicates that he has received, and continues to receive, care for his medical condition, albeit not to his liking. Inasmuch as Biggins has failed to show the likelihood of success on the merits, the court will deny the motion for injunctive relief.

_____
CHIEF UNITED STATES DISTRICT JUDGE

4