IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 12-1666-GMS |
| ) | |
| MEDICAL ADMINISTRATOR, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

At Wilmington this 12th day of March, 2014, having considered the plaintiff's pending motions (D.I. 35, 38, 45);

IT IS ORDERED that the motions (D.I. 35, 38, 45) are **denied**, for the reasons that follow:

1. **Background**. The plaintiff, James Arthur Biggins ("Biggins"), a prisoner housed at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 6, 9.)

1. **Motion to Strike**. On August 23, 2013, Biggins filed a motion for injunctive relief seeking medical treatment for a shoulder injury, opposed by the defendants on October 7, 2013. (D.I. 27, 33.) On October 18, 2013 Biggins moved to strike the defendants' response as untimely. (D.I. 35.) The court considered the defendants' response and denied the motion for injunctive relief on November 18, 2013. (D.I. 37.) The motion to strike is moot and is **denied**.

2. **Motion for Reconsideration**. Biggins filed a motion for judgment of relief pursuant to Fed. R. Civ. P. 60(b) construed by the court as a motion for reconsideration of the November 18, 2013 order that denied his motion for injunctive relief seeking medical treatment. (D.I. 38.) The defendants oppose the motion.

3. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

4. Having review the motion and documents submitted by Biggins, the court finds that he has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's November 18, 2013 order that denied Biggins' motion for injunctive relief. Therefore, the motion for reconsideration is **denied**.

5. **Motion to Amend**. Biggins seeks to amend by adding new defendants. He did not provide a copy of his proposed amendment as is required by Local Rule 15.1(b). *See* D. Del. LR 15.1(b). Biggins previously sought, and was denied, leave to amend. (*See* D.I. 37.) In the court's November 18, 2013, order Biggins was advised that "should [he] seek to amend the complaint in the future, he shall attach to the motion to amend a copy of the proposed amended complaint for the court's review." (*Id.*) Biggins did not follow the court's directive. Therefore, motion to amend is **denied**.

CHIEF, UNITED STATES DISTRICT JUDGE

2