IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-1666-GMS |
| ) | |
| BERNARD ADDOGOH, ) | |
| DR. LOUISE DESROSIERS-RODDECK, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

WHEREAS, on December 6, 2012, the plaintiff James Arthur Biggins ("Biggins") initiated this *pro se* lawsuit against several defendants employed at James T. Vaughn Correctional Center ("JTVCC"), where Biggins is incarcerated. (D.I. 2.) To date, the remaining defendants in this action are Bernard Addogoh and Dr. Louise DesRosiers-Roddeck (collectively, "the Defendants");

WHEREAS, presently before the court is the Defendants' motion for summary judgment (D.I. 73).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). Thus, summary judgment is appropriate only if the moving party shows there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *Boyle*, 139 F.3d at 393.

WHEREAS, the court having considered the parties' positions, the evidence in the record, and the applicable law;

IT IS HEREBY ORDERED THAT:

1. The Defendants' Motion for Summary Judgment (D.I. 73) is GRANTED;[1]

---

[1] The court has previously outlined the alleged factual background in this case. (D.I. 11.) Biggins' claims against the Defendants allege that he received constitutionally inadequate medical care during his incarceration in JTVCC. (D.I. 2.) Biggins asserts that his sick call requests were neglected for too long and that, after ultimately being seen by a doctor, Biggins did not receive the treatment sought. (D.I. 2 at 1–2.) The Defendants seek summary judgment on the ground that Biggins did not exhaust prison administrative grievance procedures prior to filing this action. (D.I. 74 at 9.) In response Biggins argues he was not required to exhaust the administrative process due to "imminent danger." (D.I. 78 at 1.) Therefore, there is no dispute that Biggins did not exhaust his remedies, as confirmed by his complaint. (D.I. 2 at ii.)

A prison inmate is required to exhaust all available administrative remedies prior to filing an action based on prison conditions under 42 U.S.C. § 1983 or other federal law. 42 U.S.C. § 1997e(a); *see also Bickel v. Miller*, 446 F. App'x 409, 412 (3d Cir. 2011); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement applies to all aspects of prison life—including medical grievances—and must be complete prior to filing a court action. *Porter v. Nussle*, 534 U.S. 516, 532(2002); *see Bickel*, 446 F. App'x at 412 (including medical grievances as a complaint concerning "prison life" that must be first addressed through the administrative process). Exhaustion requires an inmate to appeal through every step of the administrative process as prescribed by the prison. *See Bickel*, 446 F. App'x at 412 ("Proper exhaustion means using all steps provided by the prison so that prison officials address the issues on the merits."). It is the inmates' responsibility to pursue the exhaustion of the administrative process. *Id.*

Biggins acknowledges that JTVCC has administrative procedures in place for addressing prisoner grievances. (D.I. 2 at ii.) Indeed, the Delaware Department of Corrections has set up a three-step process, and the grievance policy and forms are made readily available in each correctional facility, including JTVCC. (D.I. 74, Ex. D.) At step one, an inmate must submit a Grievance Form within seven days of the incident. (*Id.* at 5.) The Inmate Grievance Committee ("IGC") collects the Grievance Form and inputs the grievance information into an electronic database. (*Id.*) Grievance information is forwarded to the employees involved in the grievance. (*Id.*) Employees are given fourteen days to respond to the inmate's grievance. (*Id.*) If the inmate accepts the grievance reply, the grievance is resolved. (*Id.*) If the reply is rejected, the grievance procedure moves on to step two. (*Id.*)

At step two, the inmate will have a Resident Grievance Committee ("RGC") or Subject Matter Expert ("SME") hearing to review the grievance within thirty days of the rejected grievance reply. (*Id.* at 6.) After a hearing, the RGC/SME makes a recommendation to the warden, who will issue a decision regarding the grievance within fourteen days. (*Id.*) If the inmate accepts the warden's decision, the IGC will close the case. (*Id.*) If the inmate does not accept the decision, the inmate must fill out a Grievance Appeal Form. (*Id.*)

Finally, at step three, the prisoner submits a Grievance Appeal Form and the Bureau Chief reviews the case within seven days of receiving the prisoner's appeal. (*Id.* at 7.) The administrative process ends with a decision by the Bureau Chief. (*Id.*) If after this point the prisoner is still unsatisfied, he may file an action with the district court.

Here, Biggins filed a medical grievance with the prison on November 25, 2012, due to left shoulder pain. (D.I. 74, Ex. C at 3314.) Less than two weeks later, on December 6, 2012, Biggins filed the instant lawsuit. (D.I. 2.) Biggins' civil suit filing was untimely; it did not allow for the prison's extensive grievance procedures—outlined above—to take place. (D.I. 74, Ex. D.) The prison has a 180-day window to complete the administrative grievance process, from the initial grievance submission through a final review by the Bureau Chief. (*Id.*) By filing a civil suit less than two weeks after the original medical grievance, Biggins clearly failed to exhaust the administrative process.

Biggins argues he was not in violation of 42 U.S.C. § 1997e(a) for failing to exhaust the prison's grievance process because he submitted his complaint to the court under "imminent danger." (D.I. 78 at 1.) Biggins, however, confuses the law. Biggins cites the "imminent danger" provision of 28 U.S.C. § 1915(g), which allows him to avoid

2

2. The Clerk of the Court is directed to close this case.

Dated: June 23, 2015

_____
UNITED STATES DISTRICT JUDGE

---

the "three-strike" bar. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under *imminent danger of serious physical injury*." (emphasis added)). The "imminent danger" provision has no bearing on the obligation to exhaust administrative procedures under 42 U.S.C. § 1997e(a).

Because Biggins proceeds *pro se*, the court construed his pleadings liberally and has generally held him to "less stringent standards." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But lenient pleading standards cannot excuse Biggins from the prison's administrative grievance process, nor will they permit him to invoke an inapplicable exception. Thus, the court finds that Biggins failed to exhaust the prison's administrative grievance procedure prior to filing this action. The court therefore will not go further to reach the merits of this case. *See Beckley v. Miner*, 125 F. App'x 385, 389 (3d Cir. 2005) ("The lack of exhaustion . . . precludes jurisdiction pursuant to 28 U.S.C. § 1331."); *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000) ("[B]ecause [plaintiff] failed to exhaust the administrative remedies available to him, we hold that his action is barred by § 1997e(a) and was appropriately dismissed by the District Court."). Summary judgment is appropriate.