## In The United States District Court Of Delaware

James Arthur Biggins,
    Plaintiff/Petitioner,

v.

Dr. Louise Desrosiers-Roddeck, and
Bernard Addogoh, et al.,
    Defendants.

C.A. No. 12-1666-GMS

### Motion For Relief From Judgment Under Rule 60(d)(1)

Comes Hereby the Plaintiff/Petitioner James Arthur Biggins, pro se, for relief from judgment in this instant case as follows:

1. Plaintiff/Petitioner initiated this civil action against the named Defendants, et al., for Inadequate and Deliberate Indifference To Serious Medical Needs which are stated as:
    (a) Degenerate Spine Disease, (b) Herniate Disc's (L-5 & L-6), and (c) Neuropathy (a disease of the nervous system) which causes bouts of numbness in legs affecting walking ability, and other situations that entails leg movement, and bouts of tingling in feet.

2. Plaintiff/Petitioner was awarded through the institutional medical grievance process exact specific medical treatment on more than one (1) occasion by the final officiating authority for the Bureau Of Prison, Bureau Chiefs. Those medical awards were for a continuos bottom bunk, state expensed sneakers or boots (yearly), a back brace (not hernia belt), and Soma's (pain managment medication). See, Exhibit A-1, A-2 . . . . . . . . . .

3. Plaintiff/Petitioner also sited a second claim that was also awarded to him through the institutional medical grievance process for his shoulder injury that was not recieving adequate medical treatment.

4. Following the Defendants, et al., motion for summary judgment under "no genuine dispute as to any material fact in this case existing." This Court granted to the Defendants summary judgment.

## Ground to Relief

The Action Is Not Governed By Rule or Statute But By Control Necessarily Vested In This Court To Manage Its Own Affairs. Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed. 2d 27 (1991)

In general, res judicata bars relitigation of claims that actually were made earlier. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005). However, res judicata must yield to well-pled independent action in equity. United States v. Beggerly, 524 U.S. 38, 45-46, 118 S.Ct. 1862, 141 L.Ed. 2d 32 (1998). In the instant case the Court made a clear error of law, by granting Defendants, et al., motion for summary judgment based upon the fact that, because he was recieving medical treatment, His claims was baseless. This is not a case were the Plaintiff/Petitioner was attempting to choose his medical treatment. Under the Eighth Amendment, it has been established as a matter of law that he is not recieving adequate medical care through acts and omissions of the Defendants, et al., that is evidence of deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976); accord White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). By his exhaustment of the institutional medical grievance process. Booth v. Churner, 206 F.3d 289, 300 (3d Cir. 2000), aff'd, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed. 2d 958 (2001). To this point, the Defendants, et al., acknowledged as part of discovery, see Exhibit B, D.I. No. 30-1 at C (Step Three (Bureau Chief Decision & Case Resolution)(underlined).

Plaintiff/Petitioner has shown that based upon the Court's ruling, he has been denied a fair opportunity to the defense of his claims in original law-suit. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d at 668 (5th Cir. 1981). The injustice to be remedied is so severe as to overcome the purpose for the doctrine of res judicata. United States v. Beggerly, 524 U.S. at 47.

Wherefore, in absence of an adequate remedy at law, this case beg's the Court to use it historic power and set aside past judgments as necessary to preserve the integrity of the Court. see, Fed.R.Civ.P. 60(d)(1).

Dated: January 6, 2017

James Arthur Biggins
James Arthur Biggins #319264
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, De 19977

(3)