IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-1666-GMS |
| | ) |
| BERNARD ADDOGOH, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

### I. INTRODUCTION

The plaintiff, James Arthur Biggins ("Biggins"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit on December 6, 2012. (D.I. 2.) Biggins appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 9.)

### II. BACKGROUND

The complaint raises medical needs issues. Upon screening, several defendants were dismissed and the case proceeded against the defendants Bernard Addogoh ("Addogoh") and Dr. Louis Desrosiers-Roddeck ("Dr. Desrosiers") (together "the defendants"). (D.I. 11, 12.) On June 23, 2015, the court granted the defendants' motion for summary judgment on the grounds that Biggins failed to exhaust his administrative remedies as is required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (D.I. 79.) Biggins' moved for reconsideration and his motion was denied on July 15, 2015. (D.I. 82.) Biggins did not appeal any court rulings.

On January 6, 2017, Biggins filed the instant motion for relief under Fed. R. Civ. P. 60(d)(1). (D.I. 85.) He did not serve a copy of the motion upon counsel of record.

## III. DISCUSSION

Biggins seeks relief pursuant to Fed. R. Civ. P. 60(d)(1) on the grounds that the court made a clear error of law in granting the defendants' motion for summary judgment. Biggins contends that he has been denied a fair opportunity to the defense of his claims based upon the court's ruling. (D.I. 85 at 2.)

Relief is available under Rule 60(d)(1) only in extraordinary circumstances where relief is necessary to "prevent a grave miscarriage of justice." *See Jackson v. Danberg*, 656 F.3d 157, 166 (3d Cir. 2011) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). Biggins "must show a meritorious claim or defense" and "relief under Rule 60(d) is reserved for the rare and exceptional case where a failure to act would result in a miscarriage of justice." *See Sharpe v. United States*, 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010) (citing *Beggerly*, 524 U.S. at 42-46); Brown, 2013 WL 3742444, at *8-9.

As noted, the court granted the defendants' motion for summary judgment on the grounds that Biggins failed to exhaust his administrative remedies prior to commencement of the case, in part, based upon Biggins' position that he was not required to exhaust his administrative remedies, (*see* D.I. 78 at 1), and in part based upon the record that indicates that Biggins exhausted his administrative remedies while the case was pending (*see* D.I. 74 at ex. C, grievance submitted on November 25, 2012, commencement of case on December 6, 2012, grievance denied on January 10, 2012, grievance appeal denied on February 4, 2013). Exhaustion during the pendency of the case does not change the outcome given that dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. *See Ahmed v. Sromovski*, 103 F. Supp. 2d 838, 843 (E.D. Pa.2

2

000). "Exhaustion must occur prior to filing suit, not while the suit is pending." *Millbrook v. United States*, 8 F. Supp. 3d 601, 611 (M.D. Pa. 2014) (citations omitted); *see also Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) (unpublished) (under the PLRA, prisoner must exhaust all available administrative remedies prior to filing suit).

Biggins now claims that he exhausted his administrative remedies and provides the court with a grievance he submitted on August 4, 2004, for an incident that occurred on November 21, 1997. (D.I. 85 at ex. A.) His complaint, filed in December 2012, refers to an incident that occurred in October 2012. (*See* D.I. 2.) Only if Biggins is clairvoyant would he be able to submit a grievance in 2004 for a claim that would occur in 2012.

Biggins has not supplied any extraordinary circumstances or reason to believe that a grave miscarriage of justice has occurred in this case. Accordingly, the court will deny his request for relief under Rule 60(d)(1).

## IV.   CONCLUSION

For the reasons stated, the court will deny the motion for relief from judgment pursuant to Fed. R. Civ. P. 60(d)(1). (D.I. 85.)

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

_____, 2017
Wilmington, Delaware

3